(No. 2860— ▮▮▮▮▮)

Arthur F. Thome, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 9, 1936.*

Maurice A. Frank, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant seeks an award for an unpaid bonus from the State of Illinois in the sum of Three Hundred ($300.00) Dollars alleged to be due him for military service while a resident of the City of Chicago from November 19, 1917 until the date of his discharge, June 20, 1919, at which latter date he received his honorable discharge from service. Claimant alleges that he filed an application with the Service Recognition Board of Illinois, May 7, 1921, and at several times thereafter, and that on March 22, 1928 he filed an application for delayed compensation with the Adjutant General of Illinois, under Section 1 and 2 of the Act of July 7, 1927, Laws of Illinois, 1927, p. 42. That Act provides among other things in Section 1,

"Any person who was entitled to compensation under the provisions of an Act to provide payment of compensation to certain persons who served with the military or naval forces of the United States * * * and who * * *inadvertently * * * was prevented from receiving compensation * * * shall be paid * * * if such person makes application therefor within one year from the time this Act takes effect. Application for delayed compensation under the provisions of this Act shall be made to the Adjutant General of Illinois."

Section 2 of said Act of July 7, 1927 makes it the duty of the Adjutant General

"To receive and pass upon the merits of all applications made under the provisions of said Act."

Respondent has filed a motion to dismiss said complaint because the latter does not contain any allegation as to what action has been taken by the Adjutant General upon said application; and further that as the Legislature in said Act

has made it the duty of the Adjutant General of Illinois to pass upon the merits of such application, that this court would have no right to review his decision or to consider a claim based upon the terms of said Act. The motion to dismiss is further made on the ground that the claim was not filed within five years from the time the purported cause of action accrued; the contention of respondent being, that any rights which claimant might have, accrued July 7, 1927, and that the claim was not filed with the Court of Claims until March 16, 1936. The statute creating the Court of Claims provides as follows:

"Every claim against the State, cognizable by the Court of Claims shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrued. * * *

Sec. 10, Act Creating Court of Claims—Approved June 25, 1917, L. 1917, p. 325.

The first two objections by respondent are not regarded as sufficient for a dismissal of the complaint, but as the latter was not filed within the required period of five years from the time the claim accrued, the Court of Claims is without jurisdiction, and the motion to dismiss the complaint is allowed and the cause dismissed.